**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN HENRY RYSKAMP, | No. 14-73059 |
| Petitioner - Appellant, | Tax Ct. No. 8888-13 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted June 14, 2016[**]

Before:    BEA, WATFORD, and FRIEDLAND, Circuit Judges.

John Henry Ryskamp appeals pro se from the Tax Court's order dismissing

his petition challenging the Commissioner of Internal Revenue's determination of

tax deficiency for tax year 2010 for failure to prosecute. We have jurisdiction

under 26 U.S.C. § 7482(a)(1). We review for an abuse of discretion, *Noli v.*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Comm'r*, 860 F.2d 1521, 1527 (9th Cir. 1988), and we affirm.

The Tax Court did not abuse its discretion in dismissing Ryskamp's petition for failure to prosecute because Ryskamp failed to appear for trial twice and failed to offer any excuse for his absence. *See id.* (noting "dismissal for failure properly to prosecute will normally arise where a party fails to appear at trial"); *Edelson v. Comm'r*, 829 F.2d 828, 831 (9th Cir. 1987) (no abuse of discretion in dismissing petition where taxpayer failed to produce records, failed to enter into a stipulation of facts, and failed to appear for trial); *see also* T.C. R. 123(b) (Tax Court may dismiss a case and enter a decision against a petitioner where the petitioner fails to prosecute or proceed as required by the Tax Court), T.C. R. 149(a) (Tax Court may dismiss a case for failure to prosecute where the petitioner's absence from trial is unexcused).

We reject as meritless Ryskamp's contention that the Tax Court illegally transferred the action to the Appeals Office.

**AFFIRMED.**